**Evonne CAPERS, Plaintiff–Appellant,**

v.

**John E. POTTER, Defendant–Appellee.**

Docket No. 02–7953.

United States Court of Appeals,
Second Circuit.

April 25, 2003.

Evonne Capers, Bronx, N.Y., for Plaintiff–Appellant, pro se.

Ross E. Morrison & Wendy H. Schwartz, Assistant United States Attorneys, for James B. Comey, United States Attorney for the Southern District of New York, New York, N.Y., for Defendant–Appellee.

Present: CALABRESI, F.I. PARKER, and SACK, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Evonne Capers appeals the district court's (Eaton, *Magistrate Judge*) dismissal, pursuant to a jury verdict, of her employment discrimination action against John E. Potter, the Postmaster General and Chief Executive Officer of the United States Postal Service.

Capers argues that the charge to the jury was erroneous. The pertinent questions on the special verdict form that was given to the jury were as follows:

> Did the Plaintiff prove that she requested a reasonable accommodation from the Postal Service for her disability?

> Did the Postal Service prove that it offered Plaintiff or actually provided her with a reasonable accommodation for her disability?

The form provided that if the jury answered "Yes" to the second question, it should skip the remaining questions and sign the form as a defense verdict. Capers argues that the second question was unclear because in answering "Yes" to it, the jury was not required to specify which term of the disjunct it found to be true. But this fact does not render the verdict erroneous, since Capers' discrimination claim failed if either term of the disjunct was true, that is, if she was offered reasonable accommodation *or* if she was actually provided reasonable accommodation. The charge to the jury was, therefore, correct.

We have considered all the other arguments that Capers' brief arguably raises

and find them to be without merit. We therefore AFFIRM the judgment of the district court.